**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

| | |
|---|---|
| JAMES C. CLARK,<br> a/k/a James Cornell Clark,[1]<br><br>       Petitioner,<br><br>v.<br><br>FRANCISCO QUINTANA, *Warden*,<br><br>       Respondent. | CIVIL ACTION NO. 5:15-CV-285-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**\*\*\* \*\*\* \*\*\***

Petitioner James C. Clark, a/k/a James Cornell Clark, is confined by the BOP at the Federal Medical Center-Lexington, located in Lexington, Kentucky. Clark has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], in which he challenges his federal convictions and resulting 235-month sentence. Clark has paid the $5.00 filing fee. [R. 8]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Clark is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007) At

---

[1] The Bureau of Prisons ("BOP") identifies Clark, BOP Register No. 13238-057, as "James Cornell Clark." *See* https://www.bop.gov/inmateloc/ (last visited on March 14, 2016). Accordingly the Clerk of the Court will be directed to list, on the CM/ECF cover sheet, "James Cornell Clark" as an alias designation for Petitioner James C. Clark.

this stage of the proceeding, the Court accepts Clark's factual allegations as true and liberally construes his legal claims in his favor. But for the reasons set forth below, the Court determines that Clark is not entitled to the relief which he seeks, and that his § 2241 habeas petition must be denied.

### CLARK'S CRIMINAL CONVICTION, APPEAL, AND PRIOR COLLATERAL CHALLENGE

In December 2007, a federal jury in Lubbock, Texas, found Clark guilty of importing an alien for immoral purpose in violation of 8 U.S.C. § 1328. *United States v. James Cornell Clark*, No. 5:07-CR-27-C-BG-1 (N. D. Tex. 2007) [R. 89, therein] In January 2008, a federal jury in Lubbock, Texas, convicted Clark of multiple counts of mail fraud, false statements, possession of false papers to defraud the United States, money laundering, and aiding and abetting, in violation of l8 U.S.C. §§ 1341, 1001, 1002,1957,1956(a)(l). *United States v. Rev. James Cornell Clark*, No. 5:07-CR-16-C-BG-1 (N.D. Tex. 2007) [R. 138, therein] On May 12, 2008, the district court entered Judgment in both cases, sentencing Clerk to a 235-month prison term, followed by a 3-year term of supervised release. *See United States v. Clark*, No. 5:07-CR-27-C-BG-1 [R. 98, therein]; *United States v. Clark*, No. 5:07-CR-16-C-BG-1 [R. 169, therein]

Clark appealed, arguing that the portion of 8 U.S.C. § 1328 which relates to "immoral purposes" is unconstitutional because it is overbroad, and thus vague; that the jury instructions were inadequate; and that the district court improperly allowed the Government to introduce testimony of his prior bad acts which was inadmissible under Federal Rule of Evidence 404(b). The Fifth Circuit Court of Appeals rejected all three arguments and affirmed his conviction and sentence. *United States v. Clark*, 582 F.3d 607 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1306 (2010).

2

On January 6, 2011, Clark filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. *Rev. James Cornell Clark v. United States*, No. 5:11-CV-5-C (N.D. Tex. 2011) [R. 1, therein; amended on March 11, 2011 (R. 7, therein); amended on September 5, 2012 (R. 12, therein)]. Clark alleged that his conviction was the result of prosecutorial and judicial misconduct in violation of his right to due process guaranteed by the Fifth Amendment of the U.S. Constitution; that pretrial publicity resulted in the violation of his due process rights under the Fifth Amendment; and that he received ineffective assistance of both trial and appellate counsel in in violation of his right to due process guaranteed by the Sixth Amendment of the U.S. Constitution.

On October 5, 2012, the district court denied Clark's § 2255 motion. [*Id.*, R. 13 therein] The district court concluded that Clerk's claims of prosecutorial and judicial misconduct and due process violation were procedurally barred because Clark failed to raise them on direct appeal, and that Clark failed to establish cause for his procedural default or actual prejudice resulting from the error. [*Id.*, p. 2, therein]

Clark also alleged that the prosecutor and unnamed detectives broke into his home and office and stole and altered documents, that he was "maligned by Prosecution on television, radio and the media[,]" and that the Court was "pro-prosecutor and slanted [the] trial against Defendant's favor," but the district court determined that those claims lacked merit because Clark presented no evidence to support his allegations, nor did he establish that the alleged conduct resulted in his conviction. [*Id.*] Clark generally alleged that his defense counsel failed to properly investigate the case prior to trial; failed to file various pretrial motions, and performed deficiently at trial and sentencing; failed to obtain the services of expert witnesses or contact character witnesses to testify on his behalf; failed to investigate and question the government's witnesses; and failed to obtain the services of an investigator. [*Id.*, p. 3, therein]

3

The district court rejected Clark's Sixth Amendment challenge to the effectiveness of his trial counsel, concluding that Clark failed to establish that his attorney was prejudicially deficient in his pretrial preparation, and that Clark provided no elaboration or facts to support his allegation that his counsel failed to properly represent him. [*Id*.] The district court observed that Clark failed to specify what additional investigation, legal research, or consultation would have revealed, how counsel's investigation was deficient, or how additional review of the facts of the case would have changed the outcome of the trial. [*Id*.] The district court also rejected as conclusory Clark's allegation that his defense counsel failed to interview potential witnesses, noting that Clark failed to name any specific witness; demonstrate that the witness was available to testify and would have done so; describe the content of the witness's proposed testimony; or show that the testimony would have been favorable to a particular defense. [*Id*., pp. 3-4]

Next, Clark alleged that his trial counsel was constitutionally deficient for failing to file various pretrial motions, including motions for release on bail, for additional time to review *Jencks* material, to withdraw as counsel, for funds to secure expert testimony and an investigator, to permit him (Clark) to be present at pretrial hearings, to suppress evidence seized pursuant to a search warrant, for severance of charges, and for change of venue. The district court rejected those claims as "vague, conclusory and self-serving," noting that the trial record showed that Clark's defense counsel filed seven (7) pre-trial motions, consisting of one (1) motion requesting a continuance; a definite setting; and a declaration that the litigation was complex; three (3) motions requesting discovery and inspection; one (1) motion seeking a competency evaluation; and two (2) motions for issuance of witness subpoenas. [*Id*., p. 4, therein] The district court concluded that Clark failed "…to explain the factual or legal basis of the additional motions that should have been filed, nor does he indicate how the motions would have changed the outcome of the trial." [*Id*.]

4

Clark next alleged that his counsel neglected to ask questions, call character and expert witnesses, properly cross-examine government witnesses, independently verify the government investigator's conclusions, raise defenses and objections, maintain client confidences, object to statistics and figures, challenge the indictment, object to the jury instructions, and argue competently. The district court rejected those claims as "wholly devoid of factual support," finding that Clark failed to identify any specific witnesses who should have been called; failed to indicate that the witness would have been available; failed to proffer the contents of their proposed testimony; failed to identify any (a) improper question or argument by the prosecutor, (b) an incorrect jury instruction, or (c) an instruction that should have been requested by counsel; and failed to explain how he was prejudiced by his counsel's failure to invoke "the Rule."  [*Id.*, pp. 5-6, therein]

Clark next argued that the jury venire panel heard irrelevant and prejudicial material, observed him being brought into the courtroom in chains, and was not racially diverse, but the district court dismissed those claims, concluding that Clark failed to cite to any evidence in the record to support his allegations. [*Id.*, p. 6, therein]  The district court concluded that that the trial record did not reflect whether Clark was brought into the courtroom in chains, or whether the chains were routinely visible during trial so as to constitute a due process violation. [*Id.*] The district court further concluded that Clerk failed to identify any jurors who were improperly excluded because of race, and that Clark failed to identify any specific "irrelevant and prejudicial information" elicited during jury selection. [*Id.*]

Clark alleged the district court gave the jury an improper *Allen* charge when the jury indicated that it was deadlocked, chastised a hold-out juror, and directed a verdict of guilty when one juror appeared to refuse to deliberate. The district court also dismissed those claims, finding that the trial record showed that it correctly instructed the jury to resume

5

deliberations when it became clear that the jury verdict was not unanimous; that it informed a juror who refused to deliberate that he must follow the jury instructions and base his verdict on the evidence and the law contained within the jury charge; and that it did not direct a verdict, threaten to remove recalcitrant jurors, scold a juror, or in any way interfere with the jury's deliberations. [*Id.*, pp. 6-7]

Clark alleged that his trial counsel was ineffective at trial for advising him (outside of the jury's presence) not to testify, but the district court dismissed that claim because Clark voluntarily testified in his own defense and therefore his prior conviction was properly before the jury, and because the prosecutor, not defense counsel, elicited testimony about Clark's prior conviction. [*Id.* p. 7, therein] Clark also broadly alleged that his trial counsel rendered ineffective assistance at sentencing by failing to consult with him, failing to investigate and prepare for sentencing, failing to object to an incorrect base offense level, and failing to argue for a reduction in the base offense level. [*Id.*] The district court determined that Clark failed to demonstrate that these Sixth Amendment claims had any merit, or that he received any increased jail time because of his counsel's allegedly deficient performance at sentencing. [*Id.*]

The district court also dismissed as conclusory Clark's final set of claims alleging ineffective assistance of trial counsel, which were that his counsel attempted to force a guilty plea, colluded with the prosecutor, acted in an unprofessional manner, failed to abide by the ABA Code of Professional Responsibility, and failed to assist him in connection with forfeiture proceedings. [*Id.*, p. 8, therein]

In his final challenge, Clark alleged that he had received ineffective assistance of counsel on appeal, asserting that on direct appeal, his counsel had failed to argue that inflammatory pretrial publicity violated his due process rights and that the prosecutor engaged in misconduct. The district court dismissed those claims, concluding that "…there

6

is no reason to believe these claims would have been successful. Furthermore, there is no indication that urging these claims before the Fifth Circuit would have resulted in reversal of his conviction or reduction in his 235-month sentence." [*Id.*]

The district court denied Clark a certificate of appealability. [*Id.*, p. 9, therein] Clark appealed, *see* R. 17, therein, but the Fifth Circuit dismissed Clark's appeal for want of prosecution. [R. 24, therein; *United States v. Reverend James Cornell Clark*, No. 12-11189 (5th Cir. Jun 20, 2013)]

On August 23, 2013, Clark filed a pleading entitled "Successive Motion 2255 Motion for Reconsideration to previously Submitted 2255 Due to New Legislation Since Filing." [R. 25, therein] On that same date, the district court entered an order [R. 26, therein] denying Clark's motion seeking reconsideration of its October 5, 2012, Order. The district court further determined that it lacked jurisdiction to consider Clark's request to file a second or successive § 2255 motion because Clark had not received the Fifth Circuit's permission to file a second or successive § 2255 motion. [*Id.*] The district court therefore transferred Clark's motion to the Fifth Circuit. [*Id.*]

The Fifth Circuit denied Clark's request to file a second or successive § 2255 motion, finding that Clark had failed to make a *prima facie* showing that his claims relied on either: (1) "newly discovered evidence that…would establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review of the Supreme Court that was previously unavailable." [R. 28, therein; *In re: James Cornell Clark, Reverend*, No. 13-10898 (5th Cir. Mar 3, 2014) (citations omitted)]

7

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his § 2241 petition, Clark briefly (and broadly) alleges that his sentence is unconstitutional and in excess of the maximum authorized by law, and that the district court lacked jurisdiction to impose the sentence. [R. 1, p. 7] Clark devotes the majority of his § 2241 petition to his arguments alleging that during his criminal proceedings, he received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment of the U.S. Constitution.

In his § 2241 petition, Clark alleges that his trial counsel was constitutionally defective at every step of his criminal proceeding, *i.e.*, that his trial counsel was incompetent and failed to investigate his case and prepare for trial; had a conflict of interest and worked in collusion with the government prosecutor; failed to pursue all available defenses and obtain relevant evidence; failed to vigorously represent him at before, during, and after the trial; failed to examine the discovery materials; failed to retain the services of investigators and expert witnesses; failed to interview key witnesses; failed to obtain his release on bail; failed to request a continuance needed to review *Jencks* material; improperly waived his right to attend court proceedings; failed to challenge the search-warrant used to search his home and church; failed to object to the sufficiency of the indictment; failed to seek a severance of the charges; failed to request a change of venue based on allegedly prejudicial pre-trial testimony; failed to ask the presiding judge to disqualify himself when he allegedly tried to intervene in the jury deliberation process; failed to file proper defense motions before, during, and after trial; failed to challenge the jury selection based on racial composition; failed to conduct proper direct and cross examination; failed to object to the government's witnesses and evidence; failed to present allegedly exculpatory evidence on his behalf; failed to object to the government's questions and closing argument; failed to present an effective and proper closing argument on his behalf; failed to object to the jury instructions; pressured him into

make a guilty plea; failed to object to various aspects of the presentence investigation report, the base offense level, and other factors used to calculate his sentence; failed to raise various legal arguments on appeal; refused to allow him to testify at his first trial; and failed to abide by the ABA Code of Professional Conduct. [*Id.*, pp. 7-18]

Clark seeks no specific relief, *see id.*, p. 19, but broadly construing Clark's § 2241 petition, he is seeking an order setting aside his conviction and sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of

9

his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles*, 180 F.3d at 756. Clark is not asserting any type of claim challenging the manner in which the BOP is executing or calculating his sentence. Clark collaterally challenges his underlying convictions and sentence under § 2241 via the "savings clause" of § 2255(e); however, § 2241 is not the proper mechanism for asserting the Sixth Amendment ineffective assistance of counsel claims which Clark asserts in his habeas petition.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. Id. at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Clark has not carried that burden in this § 2241 proceeding. Clark has merely rehashed the very same laundry list of Sixth Amendment ineffective assistance of counsel claims which he asserted in his § 2255 motion--claims which the district court thoroughly addressed but rejected as non-meritorious on October 5, 2012. As noted, a federal prisoner may use the "savings clause" of § 2255(e) to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 was "inadequate or ineffective" to test the legality

10

of his detention, but that exception is inapplicable where the prisoner actually asserted the claim (or claims) in a prior post-conviction motion under § 2255 and was denied relief on the claim(s). *Charles*, 180 F.3d at 756.

Clark cannot seek another bite of the apple simply by re-asserting in a § 2241 habeas petition the same Sixth Amendment claims which were previously rejected under 28 U.S.C. § 2255. *Charles*, 180 F.3d at 756-58; *see Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003). Section § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")[2]

Further, to the extent that Clark may be challenging the propriety of his 235-month sentence, claiming that it was excessive or that it somehow violates the Fifth Amendment's Due Process Clause, Clark does not allege that he is actually innocent of the numerous federal offenses of which he was convicted; he instead challenges only the amount of time which he was ordered to serve in prison. In other words, Clark does not allege that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly

---

[2] In the unlikely event that Clark has added some new Sixth Amendment ineffective assistance of counsel claim which he did not previously assert in his § 2255 motion, the same result obtains; under *Charles*, he is barred from asserting such claim for the first time in a § 2241 petition. The facts pertaining to any ineffective assistance of counsel claim should and would have been known to Clark when he filed his § 2255 motion in the district court, and if he for some reason omitted any such Sixth Amendment challenge there, he cannot raise it anew in this § 2241 proceeding.

11

held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012). Because the savings clause of § 2255 extends only to petitioners who challenge their underlying convictions, not their sentences, Clark's construed challenge to any aspect of his sentence does not establish grounds for relief under 28 U.S.C. § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Here, Clark fails to cite to any case decided by the Supreme Court which applies retroactively to him and which affords him relief from his conviction and sentence.

Because Clark broadly alleges that his trial counsel failed to provide him effective assistance of counsel, and because Clark is proceeding without an attorney, the Court will briefly address two cases, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v.*

*Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012),[3] which discuss under what circumstances a defendant may assert certain types of claims alleging ineffective assistance of counsel. Again, the district court concluded that Clark was not denied effective assistance of counsel at any stage of his criminal proceedings, but even broadly assuming that Clark had been denied effective assistance of counsel during the plea negotiation process, these cases do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013).

For these reasons, Clark has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the various federal offenses of which he was convicted. Because Clark is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall, on the CM/ECF cover sheet, **LIST** "James Cornell Clark" as an alias designation for Petitioner James C. Clark.

2. Clark's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

---

[3] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.*

13

3. The Court will enter an appropriate Judgment.

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This March 17, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY